JEFFRY K. FINER
West 35 Main • Suite 300
Spokane, WA 99201
(509) 981-8960

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES, | ) |
| | ) NO. CR 11-159-RHW |
| Plaintiff, | ) |
| | ) DECLARATION OF |
| v. | ) COUNSEL IN SUPPORT |
| | ) OF DEFENDANT'S MOTION |
| DORIS NELSON, | ) TO VACATE CONVICTION |
| | ) PURSUANT TO 28 U.S.C. |
| Defendant. | ) § 2255 |

Jeffry K. Finer declares under penalty of perjury:

1. I am counsel of record for Ms. Nelson's sentencing and her appeal.

2. The following attachments are true and correct copies of documents filed in the original criminal prosecution that I am providing for the ease of the Court and parties' access, or unfiled documents located from the former attorneys' files turned over to me when Ms. Elizabeth Kelley and I substituted in before sentencing in 2014.

DECLARATION OF COUNSEL • Page 1

3. In preparing the motion for Ms. Nelson, I read to her the entirety of the motion and her affidavit and obtained her permission to file these records for her. Her signature evidencing her oath pursuant to penalty of perjury is delayed, however, due to tight restrictions at Aliceville FCI for offender notary services. I understand that her notarized signature will be forthcoming.

4. On or about July 9, 2014, I met separately with Mr. Bugbee and with Mr. Ryan to discuss the handover of their files. Present with me was my intern, Chloe Yates, to assist and to witness the discussions. I did not have script per se but I intended to ask both lawyers about the reason for the plea to the 110 counts and why no agreement was obtained from the United States.

5. I met with Mr. Bugbee first. He stated to me, in response to my direct question, that there likely were winnable counts in the case. He did not identify which he thought these were by number but referred to them as the "early" counts. He did not say how many early counts he felt in the potentially winnable group. I brought up the question whether the failure of proof was strong enough to win a Rule 29 motion and Mr. Bugbee said it was possible but we did not discuss the Rule further. The conversation turned to mens rea, the government's weakest allegation. Mr. Bugbee noted

FINER·WINN
ATTORNEYS AT LAW
35 West Main Avenue, Suite 300
Spokane, WA 99201 • (509) 464-7611

that the defendant had both supporters and detractors. Mr. Bugbee stated that the mens rea problems were the strongest defense to the early counts.

6. That evening I drafted an affidavit based on the interview, to support the motion to withdraw the defendant's plea, and included the matters Mr. Bugbee and I had discussed.

7. I next met with Mr. Ryan and had a much shorter meeting. I was able to ask whether he felt Ms. Nelson had a defense to any of the charges based on mens rea challenges to the government's evidence. Mr. Ryan's response was "well sure" but he questioned in broad terms whether winning a few of the counts justified trial. I asked whether some of the counts could have been subject to Rule 29 and he responded only that the jury would still get sticker shock (my term, I believe, but Mr. Ryan agreed when I used the phrase). Before I left I looked over the draft affidavit for Mr. Bugbee and determined that I had each point covered by both attorneys and that they were largely in concert. Mr. Ryan added that the "Ponzi business" was going to have impact with the jury. It seemed to me that Mr. Ryan endorsed the idea that the offense was a Ponzi scheme.

8. Both attorneys spoke with me about government interference in the case, claiming that favorable witness were scared away both by threats from the

DECLARATION OF COUNSEL • Page 3

FINER·WINN
ATTORNEYS AT LAW
35 West Main Avenue, Suite 300
Spokane, WA 99201 • (509) 464-7611

United States and by the Bankruptcy claw back process which stripped away payments by Ms. Nelson to lawyers and investors. I recall asking whether this interference was another reason for the plea straight up but did not get an answer. Both stated that witnesses that had been approachable stopped working with them after the United States warned the witnesses to not involve themselves. Either Mr. Ryan or Mr. Bugbee told me that the investigator had the same impression. In addition, some witnesses stated to defense counsel or the investigator they were forbidden by the Trustee from *ex parte* contacts with key witnesses. The two attorneys described a situation of being hamstrung, or of their investigator being hamstrung, but I do not remember which attorney actually used that word, and it may be that only one of them actually said "hamstrung." They both told me that the investigator had been blocked multiple times.

9. Both attorneys responded when I asked if the Ponzi focus in the bankruptcy process was prejudicing the criminal case, telling me it was a term they did not want the jury to hear. Whether the case was actually a Ponzi was not a concern, except that the Ponzi aspects were not present at onset of the business. I asked if the Ponzi element as found in the bankruptcy was a problem in the criminal case. Mr. Bugbee was non-committal and Mr.

FINER·WINN
ATTORNEYS AT LAW
35 West Main Avenue, Suite 300
Spokane, WA 99201 • (509) 464-7611

Ryan said it should not be connected. Ryan did not believe think I would get useful information from Mr. Lysiak. I did not ask Mr. Bugbee about Mr. Lysiak or about the experts Rice and Romney.

10. I next drafted Mr. Ryan's affidavit based on his interview, using Mr. Bugbee's as a template.

11. I delivered editable versions in digital form to each lawyer so each could review his own affidavit and make corrections.

12. When they returned the affidavits, edits had been made that altered in a material fashion what I had been told only a few days before. Both attorneys dropped references from the drafted affidavits to exclude discussion of Rule 29 possibilities and dropped discussion of the weakness of the Ponzi evidence, in particular the lack of Ponzi activity early on in the operations. I.e, see Bugbee and Ryan Drafted Affidavits at ¶ 3(c) compared to their filed version, Attachments 41, 42. Whereas my interview included a discussion about the Ponzi problem in the government's case, the affidavits scrubbed counsels' remarks.

DATED this 12th day of September, 2017.

          *s/Jeffry K. Finer*
          Jeffry K. Finer, WSBA No. 14610
          Attorney for Defendant

# CERTIFICATE OF SERVICE

I, Danette Lanet, certify that on the 12th day of September 2017, I caused the foregoing *Declaration of Counsel* to be filed via CM/ECF, which will send notification of such filing to the following:

    Caitlin Baunsgard, AUSA
    Elizabeth Kelley
    Gregg Smith
    James Goeke, AUSA

DATED this 12th day of September, 2017.

                                            *s/Danette Lanet*

FINER·WINN
ATTORNEYS AT LAW
35 West Main Avenue, Suite 300
Spokane, WA 99201 • (509) 464-7611