FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DORIS E. NELSON,<br><br>Defendant. | No. 11-CR-00159-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Before the Court is Defendant Doris E. Nelson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and accompanying Memorandum in Support. ECF Nos. 336, 338. Pursuant to an Order of this Court, ECF No. 348, the Government responded to Ms. Nelson's Motion on October 10, 2017, ECF No. 352. Ms. Nelson filed a Reply in support of her Motion on December 1, 2017. ECF No. 355. The Court has reviewed all relevant filings and is fully informed. The Court concludes the record is complete and an evidentiary hearing is unnecessary. For the reasons set forth below, the Court **DENIES** Ms. Nelson's motion.

## I. BACKGROUND

On November 16, 2011, Ms. Nelson was indicted on 110 counts including Wire Fraud, Mail Fraud, and International Money Laundering. ECF No. 1. Attorney Terry Ryan was appointed the day after her arraignment, ECF No. 34, and a second attorney, Chris Bugbee, was appointed on April 27, 2012, ECF No.

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 1

96. The Court authorized funding for the unitization of discovery on October 22, 2012. ECF No. 121. Numerous continuances occurred throughout the life of the case, and the Court denied the final request for a continuance on March 13, 2014. ECF No. 170. Trial briefs, witness lists, and joint proposed jury instructions were timely filed by both parties. ECF Nos. 174-76, 178-79, 181, 185.

Ms. Nelson filed a *pro se* letter with the Court on March 21, 2014, requesting new counsel. ECF No. 183. The Court denied Ms. Nelson's request after a hearing on March 28, 2014. ECF No. 188, 192.

On April 3, 2014, four days ahead of the scheduled trial date, Ms. Nelson pleaded guilty to all counts of the indictment. ECF No. 191. The Court found the plea to be knowing, intelligent, and voluntary. *Id.* Moreover, the facts admitted by Ms. Nelson at the plea hearing demonstrated the essential elements of the crimes of which she was accused. *Id.*

With new counsel, Ms. Nelson filed her first motion to withdraw her guilty plea on July 9, 2014. ECF No. 224. The Court denied the motion on July 14, 2014, after a hearing on July 11, 2014. ECF No. 227, 229. She renewed and amended her motion to withdraw her guilty plea on October 28, 2014. ECF No. 256. The Court heard argument on this motion and denied the motion to withdraw the guilty plea at a contested sentencing hearing on November 3, 2014. ECF No. 268. Ms. Nelson was sentenced to 108 months incarceration to be followed by three years of supervised release. ECF No. 268, 271.

On direct appeal, Ms. Nelson challenged the denial of her motions to withdraw her guilty plea. ECF No. 334. Among the issues, the Ninth Circuit considered the allegations that Ms. Nelson's trial attorneys were not prepared for trial at the time of her guilty plea and the Court's findings on that issue, and it found no abuse of discretion in denying the motion to withdraw. *Id.* at 4.

//

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, there are four grounds for a court to grant relief to a prisoner who challenges his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Although there are four categories, the claims that fall within the scope of § 2255 are minimal. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir.1981). A motion filed pursuant to § 2255 must contain specific facts which would entitle an individual to relief. *United States v. Rodriguez*, 347 F.3d 818, 824 (9th Cir.2003).

## III. EVIDENTIARY HEARING

28 U.S.C. § 2255 requires a hearing "unless the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." When a defendant's allegations are based on facts outside the record, an evidentiary hearing is required. *U.S. v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1989). In addition to the record, a judge may supplement the record with his recollection of the events at issue. *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977).

Ms. Nelson asserts that "counsel developed a conflict insofar as they were unprepared to go to trial and unprepared to face the consequences to them if they advised the court of the true status of the preparation." ECF No. 338 at 28. These allegations are strongly belied by the record, however, as is Ms. Nelson's contentions of new evidence located within trial counsel's files. The Court is not required to accept conclusory allegations, unsupported by facts and refuted by the record. *U.S. v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) (citing *Farrow v. U.S.*, 580 F.2d 1339, 1360-61 (9th Cir. 1978) (en banc).

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 3

This is not the first occasion in which trial preparedness has been before this Court. *See Williams v. U.S.*, 466 F.2d 672 (9th Cir. 1972) (holding that an evidentiary hearing was unnecessary when the "[t]he transcript of that hearing reveals that the issue was extensively and thoroughly considered and that the decision was supported by substantial evidence.") The Court has handled this matter from its inception, held numerous hearings related directly or tangentially to the allegations, and reviewed voluminous filings, and it is able to make a determination without an evidentiary hearing. *See Doganiere v. U.S.*, 914 F.2d 165, 168 (9th Cir. 1990) (finding that when the court had the transcript of prior hearings and documentary record before it, it was not abuse of discretion to fail to hold an evidentiary hearing).

The Court has reviewed the materials filed by Ms. Nelson in support of her petition and finds no evidence outside the record that would justify an evidentiary hearing.

## IV. DISCUSSION

Ms. Nelson argues that she failed to receive effective assistance of counsel by what she asserts was a failure to prepare for trial and by encouraging her to plea without a plea bargain on the eve of trial. ECF No. 338 at 27. The Court disagrees. While only the specific issue of ineffective assistance of counsel is before this Court, as noted prior, the argument underlying the ineffective assistance claim has already been reviewed by both this Court and the Ninth Circuit. ECF No. 229, 317, 334. The limited new allegations submitted by Ms. Nelson are contradicted by the record or do not rise to the standard for ineffective assistance of counsel.

### A. Ineffective Assistance of Counsel

To establish a claim for ineffective assistance of counsel, Ms. Nelson is required to prove that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 4

(1984). In order to establish that counsel's performance was deficient, Ms. Nelson must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. If successful, Ms. Nelson must also establish counsel's performance prejudiced her. *Id.* at 694. In particular, she must establish that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**1. Ms. Nelson's attorneys' performance was not deficient.**

In the current petition, Ms. Nelson asserts that the files of her trial counsel "do not reflect that they had prepared an order of proof or any plan to present a defense." ECF No. 338 at 10-11. This is not a new allegation. This concern regarding a lack of defense was considered at length following her ex parte letter to the Court requesting new counsel, dated March 18, 2014. The Court has already made the explicit finding that Ms. Nelson's counsel were prepared for trial. ECF No. 192. The Court found that despite Ms. Nelson's allegations that her attorneys had not communicated with her, there were over 270 phone calls or emails, and that contrary to the assertion that the attorneys were unprepared, Mr. Ryan had expended over 670 hours of preparation and Mr. Bugbee had expended over 140 hours. *Id.* As noted at the hearing, this an extraordinary amount of work for attorneys to be allegedly unprepared. *See* ECF No. 213 at 8. Ultimately, the Court made the explicit finding that "the record demonstrates that [Ms. Nelson's] counsel [were] adequately prepared for trial." *Id.*

The Court concluded also the root of the request was a disagreement over trial strategy. ECF No. 192. This is at issue again. These disagreements include perceived deficiencies in the files obtained by Mr. Finer when he assumed representation of Ms. Nelson, such as missing subpoenas or research theories. ECF No. 338 at 10-11.

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 ~ 5**

Differences in opinion of trial strategy rarely fall afoul of *Strickland*, as a petitioner must overcome a strong presumption that his or her attorney's conduct fell below the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As the *Strickland* court noted, "[t]here are countless ways to provide effective assistance in any given case." *Id.* An attorney's strategy is very rarely challenged successfully because strategic or tactical choices "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690; *see also U.S. v. Leonti*, 326 F.3d 1111, 1120-21 (9th Cir. 2003) ("decision was tactical[] and cannot be called unreasonable").

Trial strategy includes which witnesses to call because decisions regarding which witnesses to call fall under the broad range of reasonable conduct. *See Ayala v. Chappell*, 829 F.3d 1081, 1098 (9th Cir. 2016). Ms. Nelson cites as evidence of ineffective assistance that trial counsel's files lacked expert witness subpoenas. While it is not necessarily a requirement to subpoena a party's favorable witness, Mr. Ryan also indicated that he believed these witnesses to be cumulative. ECF No. 334, Exhibit 41 at 3. A defense attorney is not required to present cumulative evidence. *Babbitt v. Calderon*, 151 F.3d 1170, 1174 (9th Cir. 1998) (citing *U.S. v. Schaflander*, 743 F.2d 714, 719 (9th Cir. 1984)). Additionally, Mr. Ryan noted "many gaps" in expert witness Xavier Oustalniol's expert report. ECF No. 344, Exhibit 41 at 6. Likewise, the report of expert Marie Rice was particularly unhelpful to Ms. Nelson in the collateral bankruptcy proceeding. *See In re LLS America, LLC v. Doris Nelson*, 2013 WL 4480667, at *2-3 (2013) (unpublished). The decision to call or not to call these experts is specifically left to the discretion of counsel.

Ms. Nelson also takes issue with the advice to plea "straight up" or to all 110 counts because she asserts that she could have won on earlier counts and trial counsel allegedly knew she could have won some counts. This, however,

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 6

demonstrates a difference in trial *strategy*. This strategy is carefully outlined in a declaration from Mr. Ryan that was filed in connection with the first motion to withdraw Ms. Nelson's guilty plea. ECF No. 344, Exhibit 41 at 3-4. Mr. Ryan and Mr. Bugbee believed a guilty plea, in light of the evidence against Ms. Nelson, would be the best option for their client. *Id.* The plea agreement offered to Ms. Nelson required her to plead guilty to all counts, agree to a factual basis that she wished to resist, to waive her right to appeal, to agree to significant forfeitures and restitution, among other obligations. (ECF No. 357-1). Rejection of this plea agreement is not questionable. No one suggests that she should have plead guilty to some counts and gone to trial on others. Ms. Nelson in this petition does not assert that she would have been found not guilty of all or even a majority of the counts. Both of her trial attorneys declared in connection with the first motion to withdraw that many "if not most" of the counts were sufficiently supported by the evidence for a guilty verdict. ECF No. 344 at Exhibit 41. They also affirmed this at the change of plea hearing. ECF No. 191. Faced with an unacceptable plea agreement and a trial that counsel was confident would be lost on most or all counts, the decision to plead to all counts and reserve the other arguments until sentencing was not an unreasonable strategic decision, and certainly not unreasonable in light of the high bar of *Strickland*.

"Representations of the defendant, his lawyer, and the prosecutor [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackedge*, 431 U.S. 63 at 74. In open court, Ms. Nelson stated that she was satisfied with the advice she received. ECF No. 203 at 10-12. The Court was specific to dive deeply into this issue, based on the previous concerns Ms. Nelson had expressed about her counsel. The Court carefully explained Ms. Nelson her right to a jury trial and even noted

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 7

that a jury was already being impaneled if she chose to proceed to trial. *Id.* at 17-18. Nevertheless, she pleaded guilty, and she agreed with the Court's finding of fact that she was satisfied with the legal advice she received from Mr. Ryan and Mr. Bugbee. *Id.* at 11-12. Moreover, Ms. Nelson stated that she was pleading guilty because she was guilty of the charges against her. *Id.* at 25-26. While Ms. Nelson may disagree with the decision in retrospect, the record demonstrates that her plea was knowing and voluntary.

In sum, Ms. Nelson's argument rests on what she or her new counsel might have done in the same situation, but this is not sufficient to clear the high bar for ineffective assistance of counsel under *Strickland*. "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Babbitt*, 151 F.3d at 1173 (quoting *Siripongs v. Calderon*, 133 F.2d 732, 736 (9th Cir. 1998)). Mr. Ryan and Mr. Bugbee offered reasonable explanations for the decisions they made, and while Ms. Nelson may second-guess them at this time, they do not rise to the standard set by *Strickland*.

The record before this Court on the preparedness of trial counsel and Ms. Nelson's voluntary guilty plea is voluminous and includes multiple hearings. The Court finds that the evidence on record does not support that Ms. Nelson's trial counsel's performance fell below the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### 2. Ms. Nelson does not demonstrate prejudice.

The Court does not need to reach the issue of prejudice, the second prong of *Strickland*, because Ms. Nelson has failed to demonstrate that her attorney's performance fell below a reasonably accepted standard. *See Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim to

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 8

approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing in one").

Ms. Nelson has also not demonstrated that had her defense proceeded differently she would have insisted to proceed to trial. *See Hill*, 474 U.S. at 59 (requirement to "establish that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have gone to trial"). As detailed above, no party has alleged Ms. Nelson's innocence as to all of the counts. At best, her petition calls into question the mens rea component of a handful of early counts that have not been clearly identified by any party. There is no showing that she would have insisted on going to trial rather than plead guilty where even current counsel does not allege that she would have been acquitted of all, or even most, counts.

## B. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotation marks and citation omitted).

The Court concludes that Ms. Nelson is not entitled to a certificate of appealability because she has not demonstrated that jurists of reason could disagree

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 9

with the Court's resolution of her claim or conclude the issue presented deserves encouragement to proceed further.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 336**, is **DENIED.**

2. A certificate of appealability is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel. This file shall be **CLOSED**.

**DATED** this 5th day of February, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** ~ 10